# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINWOOD MCCREARY, *Plaintiff*, v. JAMIE DIMON, *et al.*, *Defendants.* | Civil Action No. 18-cv-0969 (DLF) |

## **MEMORANDUM OPINION**

In his Complaint, the plaintiff Linwood McCreary makes several allegations against Jamie Dimon and JPMorgan Chase Bank, N.A. relating to a residential mortgage loan that McCreary obtained in connection with his home. Before the Court is the defendants' Motion to Dismiss the Complaint. Dkt. 9. The defendants argue, among other things, that the Complaint should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the plaintiff failed to allege that the Court has subject matter jurisdiction over the action.

On July 5, 2018, the Court issued a minute order directing the plaintiff to respond to the motion on or before July 20, 2018. The order explained that if the plaintiff failed to respond by that date, the Court would treat the defendants' motion to dismiss as conceded under Local Rule 7(b). *See* Local Civil Rule 7(b).

The D.C. Circuit recently criticized Local Rule 7(b) in two cases. Neither case applies here. In *Winston & Strawn, LLP v. McClean*, the Circuit held that a district court cannot deem an unopposed motion for summary judgment conceded. *See* 843 F.3d 503, 507-08 (D.C. Cir. 2016). The Circuit, however, limited the holding to motions for summary judgment. *Id*. at 508. In *Cohen v. Board of Trustees of the University of the District of Columbia*, the Circuit upheld a

district court's dismissal of a complaint but urged district courts to avoid merits dismissals under Local Rule 7(b). *See* 819 F.3d 476, 480, 483 (D.C. Cir. 2016). The Circuit was troubled that Local Rule 7(b) effectively places the burden of persuasion on the non-moving party, while Rule 12(b)(6) requires the moving party to bear that burden. *Id*. at 481.

Those cases do not apply here because the defendants based their motion to dismiss partly on jurisdictional grounds. The burden of establishing jurisdiction rests with the plaintiff, *United States ex re. Doe v. Staples, Inc.*, 773 F.3d 83, 88 (D.C. Cir. 2014), and a Rule 12(b)(1) dismissal is not a merits decision.

Because McCreary has constructively conceded that the Court lacks subject matter jurisdiction, the Court grants the defendants' motion to dismiss the complaint under Rule 12(b)(1). A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

Date: August 6, 2018